UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL G. MCPHERSON,<br><br>    Defendant. | CASE NO. CR19-5213 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |

This matter comes before the Court on Defendant Michael McPherson's ("McPherson") appeal of the magistrate judge's denial of his motion to reopen his detention hearing. Dkt. 37. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On February 20, 2019, the Government filed a complaint against McPherson alleging that McPherson committed the crimes of felon in possession of a firearm, possession of controlled substances with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime. Dkt. 1. Attached to the complaint, Task Force

Officer Tyson Sagiao of the Federal Bureau of Investigation declared that on September 12, 2018, state police officers executed a search warrant at McPherson's home. *Id.* at 4–5, ¶ 6. During the search, officers found "100 grams of methamphetamine, suspected drug scale(s) and drug packaging, and multiple firearms" as well as over $16,000 in cash. *Id.* at 5, ¶ 9. The officers arrested McPherson and transported him to the county jail. *Id.* at 7, ¶ 11.

On March 22, 2019, the government filed a motion for detention. Dkt. 6. On March 27, 2019, United States Probation Officer Nick Bassett submitted a supplemental pretrial services report under seal. Dkt. 10. The report states that McPherson was released on bond the day after his arrest, September 13, 2018. Relevant to the instant motion, the state court imposed the bond condition that McPherson "shall not possess weapons or firearms." The report also lists numerous instances of bench warrants being issued against McPherson for his failure to appear at court hearings regarding multiple independent misdemeanors. Officer Bassett viewed McPherson "as a risk of nonappearance based on his history of failing to appear, prior failure to abide by court orders, lack of employment or income, and substance abuse issues."

On March 27, 2019, United States Magistrate Judge Theresa L. Fricke granted the Government's motion and ordered McPherson to be detained. Dkt. 12. Judge Fricke wrote that "the Government's attorney stated during the hearing – and the Supplemental Pretrial Services Report also indicates -- that after the events in September of 2018 that resulted in charges in this case, more search warrants were executed, and from those searches of the defendant's vehicles, a storage unit, and his current 2019 address (not his

mother's residence) in Federal Way, Washington, the agents discovered additional weapons, ammunition, and also body armor." *Id.* at 1.

On May 16, 2019, the Government filed an indictment against McPherson charging him with two counts of possession of controlled substances with intent to distribute, two counts of possession of a firearm in furtherance of a drug trafficking crime, and trafficking of stolen firearms. Dkt. 17.

On March 19, 2020, McPherson filed a motion for review of the detention order. Dkt. 28. McPherson asserted that (1) his attorney discovered new information that materially alters the calculus relied upon to detain him and (2) the current COVID-19 pandemic also drastically alters that calculus. *Id.* On March 20, 2020, the Court referred the motion to Judge Fricke. Dkt. 29. On March 27, 2020, Judge Fricke denied the motion "because Mr. McPherson has not presented material or new information to show it would be less likely he would be a flight risk or risk of failure to appear, or less likely that he would present a risk of danger to the community or to other persons." Dkt. 36.

On April 1, 2020, McPherson filed this appeal. Dkt. 37. On April 6, 2020, the government responded. Dkt. 40. On April 7, 2020, McPherson replied. Dkt. 41. On April 8, 2020, McPherson filed a supplement. Dkt. 42.

## II. DISCUSSION

When considering a motion challenging a magistrate judge's detention order, the Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). The Court must enter its own

findings of fact, "whether different from or an adoption of the findings of the magistrate," and render a decision "without deference to the magistrate's ultimate conclusion." *Id.*

The Court may reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). New and material information consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event. *See United States v. Rodriquez-Adorno*, 606 F.Supp.2d 232, 239 (D.P.R. 2009).

In this case, McPherson's motion is based on alleged errors in Judge Fricke's original detention order, McPherson's current sobriety, and his contention that the Federal Detention Center ("FDC") has implemented "facially inadequate CORONA-19 screening mechanisms." Dkt. 37. First, McPherson mischaracterizes Judge Fricke's detention order by asserting that she "misapplied the law by treating the gun and drug charges that Mr. McPherson faces as per se evidence of a clear and convincing danger" and "illogically" relied upon his juvenile assault conviction to conclude he was an "extreme danger" to the community. Not only are these seemingly untimely arguments in support of reconsideration instead of new information but they are also reflect a misunderstanding of Judge Fricke's order. McPherson fails to recognize the magnitude of his actions despite the serious charges he faces. For example, officers have made

credible allegations that McPherson sold unregistered weapons while he was on bond for some of these current and similar charges in state court. In other words, McPherson was given his freedom with conditions, and he not only possessed guns and drugs but also trafficked stolen firearms. It is inconceivable that any reasonable jurist could find other than the Government has shown by clear and convincing evidence that McPherson is willing to ignore bond conditions and will most likely continue to commit crimes if given the opportunity.

McPherson also argues that Judge Fricke's "analysis of a danger of reappearance lacks sound logic and is contradicted by the fact that by Mr. McPherson attended all of his recent State court proceedings." Dkt. 37 at 9. Similarly, McPherson asserts that Judge Fricke "only found a likelihood of non-appearance by relying on temporally distant [failure to appears ("FTAs")] and illogically equating a failure to always live at his mother's residence in conformance with a state release condition with a failure to appear." *Id.* at 7 n.20. These assertions minimize McPherson's consistent pattern of failing to appear between 2007 and 2018 as well as failing to honor other court orders. Moreover, Judge Fricke concluded his family relationships, while positive, do "not appear to be stable or reliable in terms of regulating his ability to control his behavior at this time." Dkt. 12 at 1. Judge Fricke was concerned with McPherson's ability to follow all bond conditions, which in no way results in the illogical conclusion that McPherson would also fail to appear if he cannot stay away from guns and drugs. While McPherson's year-long sobriety is commendable, he was in no position to choose not to

consume drugs because he has been in custody.[1]  Thus, aside from McPherson's stated intentions, there is no evidence in the record to establish or suggest that he would not use drugs if released.  Therefore, McPherson's arguments regarding alleged errors in the original detention order are without merit.

Second, McPherson argues that "he – and the community as a whole – would be safer if he were released, in so far as he is far more likely to become infected by the virus if he remains inside the walls of the FDC." Dkt. 41 at 4. The Government argues that this is pure speculation and asserts that "Bureau of Prisons and the United States Marshals are going to great lengths to limit the likelihood that anyone with the virus is introduced to the institution." Dkt. 40 at 9.  The Court agrees with the Government at least to the extent that, based on the facts of this case, it is more reasonable to assume that McPherson is at a greater risk to others and the community upon release than in custody. McPherson has a documented history of ignoring specific, court-enforced orders regarding his daily activities while on bond and therefore there is little to no assurance that he would abide by Governor Inslee's Stay at Home, Stay Healthy order that applies to the population in general.  In fact, given his previous bond violation, it is conceivable that McPherson may have additional drugs and weapons stored at locations unknown to authorities that would allow him to commit additional crimes upon his release. Therefore, McPherson's argument that he and others would be safer upon his release is without merit.

---

[1] The Court accepts McPherson's assertion at face value because illegal drugs frequently enter correctional institutions.

In conclusion, McPherson has failed to submit any new or material information to establish a greater likelihood that he will appear or that other people and the community would be safer upon his release. Thus, McPherson's motion is denied.

### III. ORDER

Therefore, it is hereby **ORDERED** that McPherson's appeal of the magistrate judge's denial of his motion to reopen his detention hearing, Dkt. 37, is **DENIED**.

Dated this 9th day of April, 2020.

BENJAMIN H. SETTLE
United States District Judge