1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL G. MCPHERSON,

Defendant.

CASE NO. CR19-5213 BHS

ORDER DENYING
DEFENDANT'S MOTION FOR
RECONSIDERATION

13    This matter comes before the Court on Defendant Michael McPherson's

14 ("McPherson") motion for reconsideration.  Dkt. 45.

15    On April 9, 2020, the Court denied McPherson's motion to reopen his detention

16 hearing.  Dkt. 43.  On April 14, 2020, McPherson filed a motion for reconsideration

17 arguing that (1) he improperly waived his right to be present at the hearing based on

18 inaccurate information regarding available technology and (2) the Court based its

19 decision on facts and assumptions that he did not have any opportunity to address.  Dkt.

20 45.  On April 16, 2020, the Court requested a response and renoted the motion.  Dkt. 46.

21 On April 20, 2020, the Government responded.  Dkt. 47.  On April 22, 2020, McPherson

22 replied.  Dkt. 49.

1    A motion for reconsideration may be granted based on "a showing of manifest

2 error in the prior ruling or a showing of new facts or legal authority which could not have

3 been brought to its attention earlier with reasonable diligence."  Local Rules W.D. Wash.

4 LCrR 12(b)(13)(A).

5    In this case, McPherson argues that the Court committed error in its prior order by

6 (1) failing to allow McPherson to be present at a hearing and (2) allowing McPherson to

7 testify in his defense at such a hearing.  Dkt. 45.  First, "the district court need not

8 conduct a new pretrial detention hearing [when reviewing a Magistrate Judge's ruling];

9 rather, the court may base its decision on the transcript of the original detention hearing

10 and any additional evidence proffered by counsel."  *United States v. Boyd*, 484 F. Supp.

11 2d 486, 487 (E.D. Va. 2007) (citing *United States v. Williams*, 753 F.2d 329, 331 & n.7

12 (4th Cir. 1985)).  While this is not binding precedent, the Court finds it persuasive.

13 Moreover, McPherson fails to cite any binding or persuasive authority to the contrary.

14 Thus, even if a reviewing court holds that denial of a new hearing is a legal error,

15 McPherson has failed to establish that it is manifest error such that reconsideration is

16 warranted.

17    Second, McPherson contends that he should be allowed to counter some of the

18 speculative statements the Court made in its order.  McPherson has failed to establish that

19 it is manifest error to speculate that sobriety during incarceration could be the result of

20 involuntary choices or that, if he was released a second time, McPherson would engage in

21 the exact same conduct that resulted in his incarceration pending trail.  The Court finds

22 that these are valid concerns when considering the relevant issue, which is "'the danger'

1  that 'would be posed *by the person's release*.'"  *United States v. Calvert*, No. 19-40068-

2  03-HLT, 2020 WL 1847754 (D. Kan. Apr. 13, 2020) at *2 (quoting *United States v. Lee*,

3  No. 19-cr-298 (KBJ), 2020 WL 1541049 at *5 (D.D.C. Mar. 30, 2020)).  Therefore, the

4  Court **DENIES** McPherson's motion for reconsideration because he has failed to

5  establish manifest error in the Court's prior order.

6       **IT IS SO ORDERED**.

7       Dated this 23rd day of April, 2020.

8

9  _____

10  BENJAMIN H. SETTLE
    United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22